The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation;<br><br>Plaintiff,<br><br>v.<br><br>ROY ORON, an individual; JEFFREY GILES, an individual; DALE BROWN, an individual; FIRST IMPRESSION INTERACTIVE, INC., an Illinois corporation; and JOHN DOES 1-10;<br><br>Defendants. | NO. 2:19-cv-00523-RSM<br><br>**DEFENDANT FIRST IMPRESSION INTERACTIVE, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br><u>JURY DEMAND</u> |

Defendant First Impression Interactive, Inc., by and through its counsel, answers Plaintiff's Complaint as follows.

## I. INTRODUCTION

1. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 1 and therefore denies them. First Impression Interactive, Inc. denies the remaining allegations in paragraph 1 to the extent they are directed to it.

2. First Impression Interactive, Inc. denies the allegations in paragraph 2.

3. First Impression Interactive, Inc. denies the allegations in paragraph 3.

4. First Impression Interactive, Inc. denies the allegations in paragraph 4 to the extent they are directed to it.

5. First Impression Interactive, Inc. denies the allegations in paragraph 5 to the extent they are directed to it.

DEFENDANTS FIRST IMPRESSION INTERACTIVE, INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:19-CV-00523-RSM) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## II. PARTIES

6. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 related to Amazon's investigative expenditures and therefore denies them. First Impression Interactive, Inc. denies the remaining allegations in paragraph 6 to the extent they are directed to it.

7. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 and therefore denies them.

8. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and therefore denies them.

9. First Impression Interactive, Inc. admits that Jeffrey Giles is a resident of Illinois and an owner of First Impression Interactive, Inc. but denies the remaining allegations in paragraph 9.

10. First Impression Interactive, Inc. admits that Dale Brown is a resident of Illinois and an officer of First Impression Interactive, Inc. but denies the remaining allegations in paragraph 10.

11. First Impression Interactive, Inc. admits that it is an Illinois corporation with its principal place of business in Illinois. First Impression Interactive, Inc. further admits that one of its shareholders is Jeffrey Giles and Dale Brown is one of its officers. First Impression Interactive, Inc. denies the remaining allegations of paragraph 11.

## III. JURISDICTION AND VENUE

12. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 and therefore denies them.

13. First Impression Interactive, Inc. admits the allegations in paragraph 13 but denies that the plaintiff is entitled to any relief.

DEFENDANTS FIRST IMPRESSION INTERACTIVE, INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:19-CV-00523-RSM) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

14. First Impression Interactive, Inc. admits the allegations in paragraph 14 for the sole purpose of jurisdiction but denies that they committed tortious acts or any other wrongful conduct and denies that plaintiff is entitled to any relief.

15. First Impression Interactive, Inc. admits the allegations in paragraph 15.

16. First Impression Interactive, Inc. admits the allegations in paragraph 16.

## IV. FACTS

17. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore denies them.

18. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and therefore denies them.

19. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and therefore denies them.

20. First Impression Interactive, Inc. denies the allegations in paragraph 20 to the extent they are directed to it.

21. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and therefore denies them.

22. First Impression Interactive, Inc. denies the allegations in paragraph 22 to the extent they are directed to it.

23. First Impression Interactive, Inc. admits the allegations in paragraph 23.

24. First Impression Interactive, Inc. admits the allegations in paragraph 24.

25. First Impression Interactive, Inc. admits the allegations in paragraph 25.

26. First Impression Interactive, Inc. denies the allegations in paragraph 26.

27. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and therefore denies them.

28. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 28 and therefore

DEFENDANTS FIRST IMPRESSION INTERACTIVE, INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:19-CV-00523-RSM) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

denies them. First Impression Interactive, Inc. denies the remaining allegations in paragraph 28 to the extent they are directed to it.

29. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 and therefore denies them.

30. First Impression Interactive, Inc. denies the allegations in paragraph 30 to the extent they are directed to it.

31. First Impression Interactive, Inc. denies the allegations in paragraph 31.

32. First Impression Interactive, Inc. denies the allegations in paragraph 32.

33. First Impression Interactive, Inc. admits the allegations in the first sentence of paragraph 33 to the extent they are directed to it, with the exception of the term "clear pattern," which is denied. First Impression Interactive, Inc. objects to the use of the phrase "scheme" to describe its activities in the second sentence of paragraph 33, which is denied, but admits that it made use of the domains set out in the second sentence of paragraph 33. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 and therefore denies them.

34. First Impression Interactive, Inc. denies the allegations in paragraph 34.

35. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 and therefore denies them.

36. First Impression Interactive, Inc. admits the allegations in paragraph 36.

37. First Impression Interactive, Inc. admits the allegations in paragraph 37, with the exception of the term "victims," which is denied.

38. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 and therefore denies them.

39. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and therefore denies them.

DEFENDANTS FIRST IMPRESSION INTERACTIVE, INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:19-CV-00523-RSM) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

40. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 and therefore denies them.

41. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 and therefore denies them.

42. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 and therefore denies them.

43. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 and therefore denies them.

44. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 and therefore denies them.

45. First Impression Interactive, Inc. denies the allegations contained in paragraph 45 as they relate to it.

46. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 and therefore denies them.

47. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 and therefore denies them.

48. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 and therefore denies them.

49. First Impression Interactive, Inc. denies that it administered, controlled, managed, or owned, the "Landing Page" mentioned in the first sentence of paragraph 49. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 49 and therefore denies them.

50. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 and therefore denies them.

51. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 and therefore denies them.

DEFENDANTS FIRST IMPRESSION INTERACTIVE, INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:19-CV-00523-RSM) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

52. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 and therefore denies them.

53. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 and therefore denies them.

54. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 and therefore denies them.

55. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 and therefore denies them.

56. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 and therefore denies them.

57. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 57 and therefore denies them, and denies the remaining allegations contained in paragraph 57.

58. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 and therefore denies them

59. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 and therefore denies them.

60. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 and therefore denies them.

61. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 and therefore denies them.

62. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 and therefore denies them.

63. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 and therefore denies them.

DEFENDANTS FIRST IMPRESSION INTERACTIVE, INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:19-CV-00523-RSM) - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

64. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 and therefore denies them.

65. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 and therefore denies them.

66. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 and therefore denies them.

67. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 and therefore denies them.

68. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and therefore denies them.

69. First Impression Interactive, Inc. denies the allegations contained in paragraph 69 as they relate to it.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (AGAINST ROY ORON)

### Trademark Infringement (15 U.S.C. § 1114)

70-78. The allegations in Count I are directed to a defendant other than First Impression Interactive, Inc. and, therefore, no response is made thereto.

### SECOND CAUSE OF ACTION

### (AGAINST ROY ORON)

### False Designation of Origin and False Advertising (15 U.S.C. § 1125(a))

79-88. The allegations in Count II are directed to a defendant other than First Impression Interactive, Inc. and, therefore, no response is made thereto.

### THIRD CAUSE OF ACTION

### (AGAINST ROY ORON)

DEFENDANTS FIRST IMPRESSION INTERACTIVE, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES (NO. 2:19-CV-00523-RSM) - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

### Trademark Dilution (15 U.S.C. § 1125(c))

89-94. The allegations in Count III are directed to a defendant other than First Impression Interactive, Inc. and, therefore, no response is made thereto.

### FOURTH CAUSE OF ACTION

### (AGAINST FIRST IMPRESSION, JEFFREY GILES, AND DALE BROWN)

### False Advertising (15 U.S.C. § 1125(a))

95. First Impression Interactive, Inc. restates its answers to Sections I-IV for its answer to paragraph 95 of Count IV as though fully set forth therein.

96. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96 and therefore denies them.

97. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97 and therefore denies them.

98. First Impression Interactive, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 and therefore denies them.

99. First Impression Interactive, Inc. denies the allegations in paragraph 99.

100. First Impression Interactive, Inc. denies the allegations in paragraph 100.

101. First Impression Interactive, Inc. denies the allegations in paragraph 101.

102. First Impression Interactive, Inc. denies the allegations in paragraph 102.

103. First Impression Interactive, Inc. denies the allegations in paragraph 103.

104. First Impression Interactive, Inc. denies the allegations in paragraph 104.

### FIFTH CAUSE OF ACTION

### (AGAINST FIRST IMPRESSION, JEFFREY GILES AND DALE BROWN)

### Cybersquatting (15 U.S.C. § 1125(d))

105. First Impression Interactive, Inc. restates its answers to Sections I-IV for its answer to paragraph 105 of Count V as though fully set forth therein.

106. First Impression Interactive, Inc. denies the allegations in paragraph 106.

DEFENDANTS FIRST IMPRESSION INTERACTIVE, INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:19-CV-00523-RSM) - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

107. First Impression Interactive, Inc. denies the allegations in paragraph 107.

108. First Impression Interactive, Inc. denies the allegations in paragraph 108.

109. First Impression Interactive, Inc. denies the allegations in paragraph 109.

110. First Impression Interactive, Inc. denies the allegations in paragraph 110.

111. First Impression Interactive, Inc. denies the allegations in paragraph 111.

## VI. AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER, and as AFFIRMATIVE DEFENSES, defendant First Impression Interactive, Inc. states and alleges as follows:

1. The Complaint and/or the claims against First Impression Interactive, Inc. should be dismissed pursuant to Fed. R. Civ. P. 19(b), or other applicable law, for failure to join an indispensable party or parties; and

2. First Impression Interactive, Inc. reserves the right to add affirmative defenses as the facts in this matter may warrant upon discovery.

## VII. PRAYER FOR RELIEF

a. That judgment be entered dismissing with prejudice plaintiff's claims and Complaint against First Impression Interactive, Inc.;

b. That judgment be entered awarding plaintiff no damages, and no injunctive, equitable or other relief, on plaintiff's claims against First Impression Interactive, Inc.;

c. That First Impression Interactive, Inc. be awarded its fees, costs and expenses of litigation, as may be allowed under applicable law; and

d. Such other relief in favor of First Impression Interactive, Inc. as the Court deems just, equitable, or otherwise appropriate.

## VIII. JURY DEMAND

Defendant demands trial by jury on all issues so triable.

DEFENDANTS FIRST IMPRESSION INTERACTIVE, INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:19-CV-00523-RSM) - 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

DATED this 21st day of June, 2019.

BYRNES KELLER CROMWELL LLP

By /s/ Bradley S. Keller
   Bradley S. Keller, WSBA #10665
   bkeller@byrneskeller.com

By /s/ Jofrey M. McWilliam
   Jofrey M. McWilliam, WSBA #28441
   jmcwilliam@byrneskeller.com
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522

ARONBERG GOLDGEHN DAVIS & GARMISA

By /s/ Nathan H. Lichtenstein
   Nathan H. Lichtenstein, admitted *pro hac vice*
330 North Wabash Avenue, Suite 1700
Chicago, IL 60611
312-828-9600
nlichtenstein@agdglaw.com
*Attorneys for Defendants First Impression Interactive, Inc., Jeffrey Giles, and Dale Brown*

DEFENDANTS FIRST IMPRESSION INTERACTIVE, INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:19-CV-00523-RSM) - 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## **CERTIFICATE OF SERVICE**

    The undersigned attorney certifies that on the 21st day of June, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ Jofrey M. McWilliam
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
jmcwilliam@byrneskeller.com

DEFENDANTS FIRST IMPRESSION INTERACTIVE, INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(NO. 2:19-CV-00523-RSM) - 11

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000