UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROY ORON, an individual, et al.,<br><br>Defendants. | Case No. C19-523 RSM<br><br>ORDER DENYING DEFENDANT ORON'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Roy Oron's Motion to Dismiss. Dkt. #27. Mr. Oron argues that the Court lacks personal jurisdiction over him. Specifically, Mr. Oron maintains that Amazon "does not even allege any acts or activities by Mr. Oron related to Washington…. To the contrary, all that [Amazon] alleges is that Mr. Oron allegedly owns or has the ability to control foreign companies that may have received some financial benefit from the allegedly improper activities of other defendants in this action." *Id.* at 7. Amazon argues that, under Rule 4(k)(2), this Court has jurisdiction where Mr. Oron has contacts with the United States as a whole, and not just this particular state. Dkt. #32 at 6.

Amazon's Complaint alleges that Defendants exploited its brand to perpetrate a widespread fraud falsely advertising work at home jobs with Amazon. Dkt. #1 at ¶ 1. The scheme starts with unsolicited phone calls that claim to be recruiting for Amazon, then directs

ORDER DENYING DEFENDANT ORON'S MOTION TO DISMISS - 1

victims to websites such as amazonprofits.org and amazonwealth.org. When victims type these into a browser, they are redirected through several domains controlled by an affiliate marketing network based in Utah called Cash Network, LLC ("Cash Network"). *Id*. at ¶ 3. This scheme eventually entices victims to purchase services of some kind. Amazon alleges that Mr. Oron on behalf of himself and his companies "purchased this [web] traffic from Cash Network in order to sell website services." *Id*. at ¶ 4. Amazon alleges that he owned, operated, and financially benefitted from the unlawful scheme, or in the alternative, had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. *Id*. at ¶ 8. Critical to these allegations is the claim that Mr. Oron controlled a website or websites that victims eventually landed on. *See id.* at ¶ 40. Amazon alleges that Mr. Oron is affiliated with clickomy.com and a company called CPA 37 which worked with Cash Network. Amazon does not offer further allegations in their Complaint connecting Mr. Oron with clickomy or CPA 37, or connecting these with the other components of the scheme. Later, Amazon alleges that the domain karenvidtut.com, associated with the scheme, "was hosted by an account connected to Oron." *Id*. at ¶ 66. Similarly, Amazon alleges that the domain systemsmsw.com, also associated with the scheme, was hosted by an account connected to Oron. *Id*. at ¶ 68.

The actual facts before the Court at this early stage are relatively minimal. Mr. Oron states via declaration that he is an Israeli citizen who owns multiple unnamed businesses. Dkt. #27-1. He declares that these businesses do not do business in Washington State. *Id.* He states that he does not own property in Washington State and last visited the state more than 35 years ago. *Id.*

Amazon submits as an exhibit a letter from counsel representing Cash Network LLC indicating that their own investigation revealed that CPA 37 was an advertiser in this scheme, and that the contact person for CPA 37 was Roy Oron. Dkt. #33 at 9.

A declaration from investigator Niles Gooding describes the scam websites at issue in this case. Dkt. #34. A declaration from investigator Wesley Brandi describes the process of how these websites targeted individuals who visited them by incorporating geolocation information from the visitor's IP address. Dkt. #35. Some of these websites were hosted by Amazon Web Services ("AWS"), and investigation revealed that the AWS account was regularly accessed by a couple of IP addresses: 82.81.36.31 and 82.81.31.117. *Id*. at ¶ 15. Pertinent to the instant Motion, the investigator's declaration eventually states that Mr. Oron is Facebook friends with individuals affiliated with Cash Network, LLC. *Id*. at ¶¶ 16–19. The declaration also includes a screenshot from Facebook ostensibly connecting Roy Oron with a telephone sales job with Clickomy in Israel. *Id*. at ¶ 20.

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154, (9th Cir. 2006) (citing *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003)). However, this demonstration requires that the plaintiff "make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (citing *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001) (internal citations omitted)). Moreover, for the purpose of this demonstration, the court resolves all disputed facts in favor of the plaintiff. *Id*.

The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process.

ORDER DENYING DEFENDANT ORON'S MOTION TO DISMISS - 3

*Id.* Jurisdiction can be established by general or specific jurisdiction. The Ninth Circuit relies on a three-prong test for analyzing a claim of specific personal jurisdiction: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802, 2004 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). The plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)). "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id.* The reasonableness determination requires the consideration of several factors, including (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223

F.3d 1082, 1088 (9th Cir. 2000), *holding modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006).

A court may exercise personal jurisdiction over a foreign defendant pursuant to Rule 4(k)(2) when: (1) the claim arises under federal law; (2) the defendant is not subject to general jurisdiction in any state; and (3) the exercise of personal jurisdiction is consistent with due process. *See* Fed. R. Civ. P. 4(k)(2); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007) (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158-59 (9th Cir. 2006)).

Resolving all disputed facts in favor of Amazon, the Court finds Amazon's allegations connecting Mr. Oron with the alleged scheme sufficient to establish a prima facie showing of personal jurisdiction. Amazon need not establish liability at this early stage. Instead, Amazon has presented facts, the result of significant investigation, which tend to show that Mr. Oron was either in control of businesses and websites directly affiliated with this scheme or participated in this scheme by making transactions within the United States or directed at individuals or businesses in the United States. To be clear, this scheme clearly consummated transactions with individuals in the United States, used AWS, and injured Amazon in the United States. Mr. Oron has been sufficiently connected to CPA 37 and Clickomy, Ltd., and those businesses have been sufficiently connected to the websites involved in this scheme. Amazon's causes of action here undeniably relate to Mr. Oron's alleged forum-related activities. After reviewing the seven factors from *Bancroft* above, the Court finds this exercise of jurisdiction reasonable and consistent with due process. Mr. Oron has the burden to demonstrate why jurisdiction would not be reasonable. His arguments on Reply tend to go to his ultimate liability in this case rather than his activities with the United States. *See* Dkt. #37

at 5–6 (arguing that he is not the owner of Clickomy and that his name on the credit cards used to purchase the URLs in this case is insufficient). Mr. Oron's point that it would be inconvenient for him to travel to this forum given that he is an Israeli citizen is outweighed by other factors, including the extent of Mr. Oron's purposeful interjection into the forum state, the forum state's interest in adjudicating the dispute, the most efficient judicial resolution of the controversy, and the importance of the forum to the Plaintiff's interest in convenient and effective relief. Amazon does not have to show why this lawsuit could not have been brought in Israel. Amazon was allegedly injured in the United States and alleges violations of U.S. law. It would be judicially inefficient to bring this suit in Israel. For all these reasons, the Court will deny this Motion.

The Court notes that because Mr. Oron is not subject to general jurisdiction in any state, and both consumers and Amazon allegedly suffered harm in Washington State, this Court is a particularly appropriate forum.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Roy Oron's Motion to Dismiss (Dkt. #27) is DENIED.

DATED this 19th day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT ORON'S MOTION TO DISMISS - 6